# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**Amanda H.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-61** (Fam. Ct. Jackson Cnty. No. FC-18-2006-D-143)

**James S.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda H. ("Mother")[1] appeals the Family Court of Jackson County's August 1, 2022, order denying her petition for modification of a parenting plan. Respondent James S. ("Father") filed a timely response.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds the family court erred in failing to set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to reverse the family court's August 1, 2022, order, and remand the case to family court with instructions to draft a new order setting forth findings of fact and conclusions of law sufficient for meaningful appellate review.

The parties were previously married and share two sons, one of whom is B.S., a minor.[3] The parties divorced in 2006 and mother was awarded full custody of the parties' sons, with father having visitation with the sons every other weekend and four hours every Wednesday. However, the parties agreed to a "different arrangement" that permitted father

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W.Va. R. App. Pro 40(e)(1); *Amanda C. v. Christopher P.*, No. 22-ICA-2, 2022 WL 17098574, ____ W. Va. ____, ____ S.E. 2d ____ (W. Va. Ct. App. 2022).

[2] Both mother and father are self-represented.

[3] The parties' other son, L.S., has reached the age of majority and, thus, is not at issue in this appeal.

1

to see his sons more often[4] and their arrangement remained in place for more than fifteen years.

On January 19, 2022, father filed, in the Family Court of Jackson County, a petition for modification requesting a change in the parties' parenting plan. Father stated that B.S. has been living full time in his home following a December 16, 2021, domestic violence incident at mother's home.[5] In the petition, father alleged that B.S. did not feel safe at mother's home. A hearing on respondent's petition for modification was held before the family court on January 19, 2022. During the hearing, the court heard testimony from B.S. and mother. B.S. advised the court that he wished to primarily reside with father because he does not feel safe at mother's home with his stepfather.

By order entered on March 8, 2022, the family court granted respondent's petition for modification and awarded father primary residential custody of B.S., with mother having visitation every weekend but the third weekend of the month. The court directed that mother's husband, A.H., not be present during visitation. Mother filed a motion for reconsideration of the family court's ruling, which was denied in a March 15, 2022, order.

In April of 2022, mother moved out of her marital home in Cross Lanes, West Virginia, and into an apartment in South Charleston, West Virginia, to physically separate from her husband and to be closer to B.S.'s school. On May 18, 2022, mother and her husband, A.H., were divorced. On August 1, 2022, mother filed a petition for modification of the parenting plan established in the March 8, 2022, order, and requested 50/50 custody. In her petition, under the section provided to identify the circumstances to justify the modification, mother stated that she "divorced [A.H.], no longer lives with" A.H., and has maintained her own residence since April of 2022. By order entered on August 2, 2022, the family court denied mother's petition for modification. In the August 2, 2022, order, the family court simply and summarily stated that "[a]fter review of the petition, the Court finds that the petition fails to state a significant change in circumstances that would warrant a modification under the West Virginia Code." The family court did not provide any

---

[4] Per mother, the parties' informal agreed parenting plan would change every two weeks. Week 1: Mother would have the children on Monday, Tuesday, Friday, Saturday, and Sunday and father would have the children Wednesday and Thursday. Week 2: Father would have the children on Monday, Tuesday, Friday, Saturday, and Sunday and mother would have the children Wednesday and Thursday.

[5] The record reflects that on December 16, 2021, an "altercation" occurred between mother and her then husband, A.H., during which A.H. hit mother, and threatened and cursed B.S.

findings of fact or conclusions of law to support its decision, and instead offered only one sentence of less than forty words to explain its ruling.[6]

The Supreme Court of Appeals of West Virginia has remanded such wholly insufficient orders finding that

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996); *See also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W.Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W.Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363–64, 745 S.E.2d 250, 254–55 (2013).

Here, the family court neglected to provide sufficient findings and conclusions in support of its ultimate decision to allow for meaningful appellate review. Accordingly, the family court's order is insufficient as a matter of law and cannot be upheld.

For the foregoing reasons, we reverse the family court's August 1, 2022, order and remand the case to family court with instructions for the court to enter a new order containing findings of fact and conclusions of law sufficient to allow meaningful appellate

---

[6] In *Jared A. v. Molly A.*, 246 W. Va. 556, 874 S.E.2d 358 (2022), the Supreme Court reasoned that West Virginia Code § 48-9-401(a) (2001) establishes three criteria for change in circumstances modifications to parenting plans. First, the facts relevant to the change in circumstances must not have been known or anticipated in the order that established the parenting plan. *Jared A.*, 246 W. Va. at ___, 874 S.E.2d at 364. Second, the change in circumstances, whether "of the child or of one or both parents [,]" must be substantial. *Id.* Third, the modification must be "necessary to serve the best interests of the child." *Id.*

While West Virginia Code § 48-9-401(a) was amended in 2022, the criteria set for in West Virginia Code § 48-9-401(a) (2022) remains the same as the 2001 version cited by the Supreme Court in *Jared A*.

review. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

                                        Reversed and remanded with instructions.


**ISSUED:**  February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr